UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Respondent, | ) | |
| | ) | |
| v. | ) | No. 2:07 -CR-24 |
| | ) | |
| | ) | |
| JOEY LYNN SMITH, | ) | |
|     Petitioner. | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the motion of defendant for a reduction of sentence, [Doc.32]. Defendant requests a reduction in sentence pursuant to Amendments 782 and 788 to the United States Sentencing Guidelines. The United States has responded and acknowledges the defendant is eligible for a reduction in sentence but defers to the Court's discretion whether and to what extent to reduce defendant's sentence, [Doc. 35]. The defendant has replied, [Doc. 36].

The defendant was convicted of possession of contraband by a federal inmate in violation of 18 U.S.C. 1791. More specifically, he was found in possession of 13.9 grams of crack cocaine secreted in a body cavity while in custody after his convictions for other federal offenses. The parties stipulated to an offense level of 25 and a criminal history of IV, resulting in a guidelines range of 110 to 137 months of imprisonment. The defendant was sentenced to 110 months of imprisonment to be served consecutively to defendant's existing federal sentence in case No. 2:05-CR-43. On April 28, 2007, the Court reduced the sentence to 78 months pursuant to 18 U.S.C. § 3582(c) and Amendment 750 to the Guidelines, [*see* Doc. 30].

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v.*

1

*United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). Title 18 United States Code § 3582(c)(2), however, gives a district court authority to modify a term of imprisonment that has been imposed on a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission," 18 U.S.C. § 3582(c), through a retroactively applicable amendment such as Amendment 782. *Id.*; USSG § 1B1.10. The Court may reduce the term, "after considering the factors set forth in § 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 1B1.10 identifies the guideline amendments that may be applied retroactively, and sets out the factors for deciding a sentence reduction motion under § 3582(c). The Supreme Court has made clear that § 3582 does not require a sentencing or resentencing proceeding, but gives courts the power to reduce an otherwise final sentence under circumstances established by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817 (2010); *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010); USSG § 1B1.10, cmt. background (noting that a reduction under § 1B1.10 is discretionary and "does not entitle a defendant to a reduced term of imprisonment as a matter of right").

Section 3582(c)(2) establishes a two-step inquiry: First, the court must determine whether the defendant is eligible for a sentence reduction. If he is, the court must then consider whether, in its discretion, the authorized reduction is warranted in whole or in part under the circumstances. *Dillon*, 130 S. Ct. at 2691-92; *United States v. Greenwood*, 521 Fed. App'x 544, 547 (6th Cir. 2013). In exercising its discretion, the court is required to consider public safety factors and is permitted to consider post-sentencing conduct in deciding whether a reduction in the defendant's term of imprisonment is warranted. USSG § 1B1.10, cmt. (n. 1(B)(ii)-(iii)). Thus, the district

2

Case 2:07-cr-00024-JRG-MCLC   Document 37   Filed 11/03/15   Page 2 of 4   PageID #: 54

court is required to consider both the § 3553(a) factors and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in defendant's term of imprisonment." *Curry*, 606 F.3d at 330 (quoting USSG § 1B1.10, cmt. n. 1(B)(ii)).

Pursuant to Amendment 782, a quantity of 13.9 grams of cocaine base yields a base offense level of 18, with a two-level enhancement for distribution in a prison and a three-level reduction for acceptance of responsibility, for a total offense level of 17. When combined with defendant's criminal history category of VI, defendant's amended guideline range is 51 to 63 months of imprisonment. The defendant requests a reduction in sentence to 63 months. The Court concludes that no reduction is appropriate in this case and the motion for reduction of sentence will be DENIED.

Smith was convicted in case No. 2:05-CR-43 of receiving, possessing, concealing, and storing a stolen motor vehicle in violation of 18 U.S.C. § 2313 and possession of a stolen firearm in violation of 18 U.S.C. § 922(j), offenses committed within two years of his release from prison. He had twelve criminal history points. His prior convictions included two adjudications as a juvenile and adult criminal history which began at age 18 with convictions for two counts of reckless endangerment resulting from his attempt to strike two minor children who were walking on the side of the road with his vehicle. He subsequently was convicted of theft of property (2 counts), burglary, resisting arrest and evading arrest with a vehicle at age 19. He later assaulted three correctional officers at the Greene County Detention Center, resulting in three convictions for assault. He was convicted of theft of a motor vehicle at age 22. Defendant then committed the instant offense while in custody. In addition, defendant has received disciplinary sanctions on nine occasions while in custody of the Bureau of Prisons, with the last occurring on April 14, 2015, for indecent exposure. He is classified as mentally ill but does not appear to have

participated in any mental health treatment. He has not participated in any vocational or educational classes.

As shown above, the defendant's criminal history is extensive and his behavior shows profound disrespect for the law and law enforcement officers. He does not appear to have made any effort to prepare himself for release. Defendant represents a danger to the public. Consideration of the 18 U.S.C. § 3553(a) factors leads inevitably to the conclusion that no reduction beyond that granted by the Court's April 28, 2014 order is appropriate in the case. The motion, [Doc. 32], is DENIED.

So ordered.

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE
